UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEPHEN T. PEROSKY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 3:15 CV 105 JM |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Stephen T. Perosky, a prisoner proceeding *pro se*, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 14-10-1) in which a Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of possession of unauthorized personal information in violation of prison rule B-247 on October 14, 2014. As a result, the DHO deprived Perosky of 30 days earned credit time. Perosky raises three grounds in his petition, but since there is not sufficient evidence to support having found him guilty, it is only necessary to address that ground.

The facts of this case are not in dispute. Perosky had his girlfriend's social security number. He wrote it on a note which he sent to another inmate in the law library. (DE # 14-1; DE # 15-1 at 2.) He was charged with "possession/solicitation unauthorized personal information." (DE # 14-1.) He does not dispute that he had her social security number and it is beyond question that a social security number is personal information. The issue here is whether he was authorized to have it.

The hearing was originally scheduled to be held on October 8, 2014, but it was postponed "for information/fax." (DE # 14-5.) In the Disciplinary Hearing Report, the

DHO wrote that a "fax with notary" was physical evidence which was presented during the hearing. (DE # 14-6.) The DHO also wrote that "fax with notary" was a basis for the decision. *Id*. However, the Respondent did not provide a copy of that fax even though ordered to provide "the complete administrative record." (DE # 10.) Nevertheless, Perosky did submit it and the Respondent has neither objected nor disputed its authenticity. The fax is a notarized statement from Perosky's girlfriend. She writes: "To whom it may concern; I gave Stephen T. Perosky & Norman Clark permission to use my social security number for files for Stephen's Post Conviction . . . We have dated for five years." (DE # 16-1 at 2.) Despite this fax, the response Perosky's administrative appeal stated: "The conduct report is clear that you had possession of unauthorized personal information. There is no documented evidence indicating you had prior authorization." (DE # 14-8 at 1.)

The Respondent argues:

> [In Perosky's] note to the library clerk he provided his girlfriend's social security number and then specifically asked him to pull her records and court cases. [Citation omitted.] His request was not related to his case or his post-conviction proceeding. This evidence supporting the decision was sufficient to satisfy the "some evidence" standard to establish that his possession of the personal information was unauthorized.

(DE # 14 at 7-8.) However, he was not charged with unauthorized *use*, he was charged with unauthorized *possession*. Though a DHO is not required to believe every undisputed statement submitted during a hearing,

> the findings of a prison disciplinary board [must] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as

2

> the record is not so devoid of evidence that the findings of the disciplinary
> board were without support or otherwise arbitrary. Although some
> evidence is not much, it still must point to the accused's guilt.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parentheses, and ellipsis omitted). A DHO can make reasonable inferences based on the facts presented, but here, the Respondent has simply not pointed to any evidence in the record from which it could be plausibly inferred that Perosky was not authorized to have his girlfriend's social security number.

In addition, to the extent that the Respondent might be arguing that using the social security number to request his girlfriend's court records is sufficient to sustain the solicitation of personal information prong of the charge—but any such argument is difficult to discern—court records are public, not personal, information. Moreover, the conduct report against Perosky states that he was "not authorized to give personal information," (DE # 14-1 at 1), and giving information is the opposite of soliciting information.

It is understandable why finding a social security number of another person in an inmate's possession would prompt an investigation. Based on the evidence of record here, however, it is not understandable why the results of this investigation resulted in Perosky having been found guilty of unauthorized possession.

For these reasons, the Amended Habeas Corpus petition (DE # 4) is **GRANTED**. The Respondent is **ORDERED** to file documentation by May 26, 2016, showing that the

guilty finding in WCC 14-10-1 has been vacated and Stephen T. Perosky's earned credit time restored.

**SO ORDERED.**

Date: April 14, 2016

                                             s/James T. Moody
                                             JUDGE JAMES T. MOODY
                                             UNITED STATES DISTRICT COURT